IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01946-RM-NYW

JAIMIE LYNN KULIKOWSKI,

    Plaintiff,

v.

JASON CROW,

    Defendant.

## AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Jason Crow's ("Defendant" or "Mr. Crow") "Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint" ("Motion to Dismiss" or "Motion") [#24, filed August 25, 2020]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated July 8, 2020, [#5], and the Memorandum dated August 25, 2020, [#25]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon review of the Motion and associated briefing [#26; #27], the entire case file, applicable case law, and being otherwise fully advised, this court respectfully **RECOMMENDS** the Motion to Dismiss be **GRANTED IN PART and DENIED IN PART**.[1]

## BACKGROUND

---

[1] In this court's original Recommendation [#30], this sentence mistakenly stated that the court "respectfully **RECOMMENDS** the Motion to Dismiss be **GRANTED**." The Amended Recommendation corrects this error, clarifying that the undersigned recommends that the Motion to Dismiss be granted in part and denied in part. This is the only modification to the original Recommendation.

The following facts are drawn from the court docket and the factual allegations reflected in the operative Amended Complaint, which are taken as true for the purposes of this instant motion. Plaintiff Jaimie Lynn Kulikowski ("Plaintiff" or "Ms. Kulikowski") is a disabled army veteran and candidate for the United States House of Representatives for Colorado's 6th Congressional District. [#20 at 1]. Proceeding pro se,[2] Plaintiff filed her initial Complaint in this matter on July 2, 2020, asserting a single claim based on the Stolen Valor Act of 2013. *See* [#1]. Ms. Kulikowski alleged that Congressman Crow "has stolen [her] valor," "is sitting in [her] seat in the US House of Representatives," and "needs to get out now." [*Id.* at 4]; *see also* [*id.* at 6 (stating Defendant "never was, and is not now, a real leader" and "I am ready to rightfully claim the valor and seat he has stolen from me.")]. Plaintiff requested the court (1) order she and Defendant participate in mediation, at which time Defendant be required to provide his complete Official Military Personnel File; (2) "grant eservice"; and (3) order all congressional candidates for the seat representing Colorado's 6th Congressional District participate in two public debates before November 2020. [*Id.* at 7].

On July 18, 2020, Plaintiff filed a "Motion to Resolve through ADR, Introduce the Stolen Valor Act of 2020, Increase Request for Relief" ("Motion to Resolve Through ADR"). [#12]. On July 28, 2020, Defendant filed a Rule 12(b)(6) Motion to Dismiss ("First Motion to Dismiss") [#14].

Three days later, Plaintiff filed her Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). [#20, filed July 31, 2020]. In the notice of filing an

---

[2] Because Ms. Kulikowski proceeds pro se, this court affords her papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to her as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Amended Complaint, Plaintiff explains "Defendant filed a Motion to Dismiss my case for failure to state a claim . . . . The Amended Complaint will remedy my failure by stating a valid claim." [#20-1 at 1]. In her Amended Complaint, Plaintiff asserts only a claim for "[h]arassment under Title VII of the Civil Rights Act." [#20 at 4]. In support of her claim, Plaintiff alleges that Mr. Crow:

(1) is her "subordinate" employee and "is not listening to [Plaintiff] as his boss";

(2) "fearmongers in his communications" because he uses phrases like "mask up" in reference to the COVID-19 pandemic;

(3) "supports control and dominion over others by supporting inhumane bills like the TRACE Act," which Plaintiff characterizes as "an assault on all women" who have suffered before her;

(4) "calls himself a servant leader" which Plaintiff claims "is an assault on [her] ancestors who were indentured servants . . . [and] royalty back in the 1500's";

(5) "is a stonewaller," which constitutes "an assault" on Plaintiff's mental health;

(6) "is a war supremacist" because his campaign website includes the statement "'I've just always been someone who goes where the fight is,'" which Plaintiff contends is "an assault on [her] soul";

(7) "is playing God" by stating in a newsletter his decision to wear a mask to protect his community, which Plaintiff claims is "an assault on her right to religion";

(8) "is a helicopter parent gone wild," which Plaintiff alleges is "an assault on [her] American freedom"; and

(9) "is unoriginal and uninspired," which Plaintiff contends is "an assault on her American dream."

[*Id.* at 4-5]. Plaintiff requests $2,000,000 in damages and declares that she is "firing Jason Crow as congressman" because she is his "boss" and has "the right to fire him." [*Id.* at 5]. Finally, Plaintiff concludes her Amended Complaint with a section titled "Closing Remarks," wherein she decries Mr. Crow's political rhetoric and the Democratic Party generally, and describes a "collective movement towards the American Dream." [*Id.* at 5-6].

That same day, Judge Moore denied Mr. Crow's First Motion to Dismiss as moot, in light of the Amended Complaint. [#21]. Shortly thereafter, construing Plaintiff's Motion to Resolve Through ADR as a motion for settlement and a motion to amend the complaint, Judge Moore denied Plaintiff's request for a settlement conference and denied Plaintiff's motion to amend as moot. *See* [#22, filed August 3, 2020]. Defendant filed the instant Motion to Dismiss on August 25, 2020. *See* [#24]. The following day, Plaintiff filed a Response [#26] and Defendant a Reply [#27]. Accordingly, this matter is ripe for consideration and recommendation.

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6) a court may dismiss a complaint "'either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to support a cognizable legal claim.'" *Scarbrough v. Coleman Co., Inc.*, No. 13-cv-00260-LTB-MEH, 2013 WL 3825248, at *1 (D. Colo. July 24, 2013) (quoting *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004)). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible"). To state a claim that is plausible on its face, a complaint must "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II. Attorney's Fees as Sanctions

Federal courts have the inherent authority to sanction conduct that abuses the judicial process. *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015); *Martin v. Greisman*, 754 Fed. Appx. 708, 712-13 (10th Cir. 2018) (unpublished). This inherent authority authorizes a court to depart from the "American Rule"—whereby litigants pay their own attorney's fees unless a statute or contract provides otherwise—to assess fees against an attorney or pro se litigant who acts in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Sun River Energy*, 800 F.3d at 1227 (recognizing inherent authority to assess fees as sanction against attorneys); *Collins v. Diversified Consultants, Inc.*, No. 15-cv-02115-RBJ-NYW, 2018 WL 10878005, at *7 (Feb. 7, 2018) (assessing fees as sanction for pro se plaintiff's abusive litigation practices). "For th[is] exceedingly narrow bad faith exception to the American Rule to apply, there must be clear evidence that the challenged claim is entirely without color *and* has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Kornfeld v. Kornfeld*, 393 Fed. Appx. 575, 579-80 (10th Cir. 2010) (internal quotation marks and citation omitted) (emphasis in original). To warrant an award of fees in exception to the American Rule,

5

the Tenth Circuit requires that the trial court make "a finding of bad intent or improper motive." *Greisman*, 754 Fed. Appx. at 713 (internal quotation and citation omitted).

## ANALYSIS

I first consider whether Plaintiff has stated a claim for harassment under Title VII. For the reasons that follow, I conclude that Plaintiff has failed to state a claim against Mr. Crow. Accordingly, I then consider whether—in light of Plaintiff's failure to state a claim and pattern of conduct in federal court—a sanction against Plaintiff in the form of an award of reasonable attorney's fees is warranted. I conclude that Plaintiff's conduct is sanctionable but recommend denial without prejudice of Defendant's request for attorney's fees for failure to comply with D.C.COLO.LCivR 54.3.

**I.     Plaintiff's Title VII Claim**

Defendant's Motion to Dismiss seeks dismissal of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff does not have an employee-employer relationship with Defendant for purposes of a Title VII cause of action. [#24 at 4].[3] In her Response, Plaintiff argues that "[s]ince Crow employed [her] as his employer in Dec [sic] 2019," Plaintiff is "both protected under Title VII **AND** [has] the right to fire him in an at-will employment state." [#26 at 3 (emphasis in original)]. Rather than raise the arguments herself in her Response, Plaintiff directs the court to an email thread, attached to her Response as Exhibits A and B, that "reveals [her] argument for Crow and [Plaintiff] having an employer-employee relationship." [*Id.*].

---

[3] Defendant also argues Plaintiff's nine allegations are not separate, actionable claims, but instead various grievances Ms. Kulikowski has against Mr. Crow related to his performance as a congressman. [#24 at 5]. This court agrees with Defendant and agrees that none of these actions are viable causes of action. [*Id.* at 6].

In the email thread, in a message dated August 7, 2020 at 10:21 AM, Plaintiff states:

> As Jason's employer, I am liable for the harassment that takes place in my district. It is my responsibility to STOP it and ensure the harasser receives just consequences. According to the law at https://www. eeoc.gov/harassment, "The harasser can be the victim's supervisor in another area, an agent of the employer, a co-worker, or a non-employee." Jason Crow is an agent of the employer (me). An agent by definition is a person who acts on behalf of another person or group, which is the exact role of a US Representative.

[#26-1 at 2]. In a follow-up email sent that same day, at 10:53 AM, Plaintiff writes, "furthermore, Jason gave me the job of boss. So he employed me as his employer, therefore, I am protected under Title VII." [*Id.* at 3].

Title VII provides a cause of action for employees against employers. *See* 42 U.S.C. §§ 2000e, *et seq. See also Roach v. Gen 3 Co., LLC*, No. 18-cv-01833-CMA-KLM, 2019 WL 4751791, at *4 (D. Colo. Sept. 27, 2019) ("Title VII . . . prohibits <u>employers</u> from discrimination on the bases of sex . . . [and] makes it unlawful for <u>employers</u> to discriminate against any of its employees . . .") (emphasis added). Title VII does not provide a cause of action for employers against employees. *See* 42 U.S.C. §§ 2000e, *et seq.*; *Roach, LLC*, 2019 WL 4751791, at *4.

Plaintiff's single claim against Mr. Crow is asserted under Title VII, which does not provide for the cause of action Plaintiff attempts to assert against Mr. Crow. This court declines Plaintiff's invitation to base its decision "on duty over law" and "trust [her] highly proficient leadership instincts." [#26 at 4]. Plaintiff has failed to state a claim, and this court respectfully recommends that her Title VII claim against Mr. Crow be dismissed with prejudice.[4]

---

[4] A dismissal with prejudice of a complaint that fails to state a claim under Rule 12(b)(6) is appropriate only when "granting leave to amend would be futile." Due to heightened concerns when a plaintiff is proceeding pro se, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *Oxendine v. Kaplan*, 241 F.3d, 1272, 1275 (10th Cir. 2001); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citations omitted) ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's

deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint."). Here, because Ms. Kulikowski and Mr. Crow are not in a cognizable employee-employer relationship, any claim under Title VII is not viable as a matter of law and no additional or different pleading would change that analysis.

## II. Plaintiff's Conduct

Defendant seeks sanctions against Plaintiff in the form of an award of reasonable attorney's fees. [#24 at 6]. Defendant argues that in the instant action, Plaintiff has asserted three meritless claims between her Complaint and Amended Complaint. [*Id.* at 7]. Defendant also refers to another 2020 action filed by Plaintiff against Defendant in the District of Colorado, wherein Plaintiff asserted claims for (1) violating "Burden of Proof Law"; (2) violating the "Declaration of Independence"; (3) violating "Women's Rights"; and (4) violating the Fourteenth, Fifteenth, and Nineteenth Amendments of the United States Constitution. [*Id.* (citing *Kulikowski v. USA et al*, 20-cv-01160-RM-NYW, [#1 at 3-5])]. After Defendant incurred considerable time and expense preparing to litigate the earlier action, Plaintiff voluntarily dismissed the case because she did not "want to fight anymore" and did not want her "life to revolve around two dimensional storytelling and identity politics." [*Id.* (citing *Kulikowski v. USA et al*, 20-cv-01160-RM-NYW, [#19 at 1])].

In Response, Plaintiff insists that she is adhering to the Federal Rules of Civil Procedure. [#26 at 2]. Relevant here, Federal Rule of Civil Procedure 11 provides that

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extending, modifying, or reversing of existing law or for establishing new law. . . .

Fed. R. Civ. P. 11(b). Pro se litigants must comply with Rule 11 and are subject to sanctions for failure to comply with its provisions. *See* Fed. R. Civ. P. 11(c); *Business Guides, Inc. v. Chromatic Comm'cns Enter., Inc.*, 498 U.S. 533, 544-45 (1991) (explaining that Rule 11 applies to pro se parties); *Vidal v. AHC of Aurora, LLC*, No. 17-cv-00746-SKC, 2018 WL 10947922, at *2 (D.

Colo. Nov. 19, 2018) (recognizing applicability of Rule 11 to pro se litigant but declining to impose sanctions).[5]

This court presumes Plaintiff is aware of Rule 11, particularly because Plaintiff certifies compliance therewith in her Response, *see* [#26 at 5], and it appears to this court that despite Plaintiff's certification of compliance, this action is being presented for an improper purpose. Plaintiff asserts that federal court is the appropriate forum to "make examples out of people and stories," and that she is "setting a precedent, making an example out of Crow, and telling an important story with [her] case." [*Id.* at 2]. Plaintiff argues that Mr. Crow "is a coward, a fraud, a puppet. Therefore, he needs to GET OUT of MY SEAT and get in the REAR. . . . [Mr. Crow and his counsel] CANNOT be out in front as leaders of our country, and they MUST be made examples of losing this lawsuit." [*Id.* at 4 (emphasis in original)]. Plaintiff appears to concede that she has only brought this claim in federal court because Mr. Crow failed to respond to her requests to coordinate debates and candidate forums. [*Id.* at 1-2]. To the extent Plaintiff believes that federal court is the appropriate place to air political grievances without regard to whether there is a cognizable claim pursuant to the applicable law, this court respectfully disagrees.

Defendant argues that Plaintiff's pattern of vexatious and wanton behavior demonstrates her improper motive for bringing both cases. By her own admission, it does not appear that Plaintiff's motive in bringing these actions is rooted in seeking redress for specific harms experienced by her. For instance, in an email message from Plaintiff to defense counsel, Plaintiff writes, "[M]y motivation for going after Crow . . . is to get cowardly un-Americans who support

---

[5] The court notes that Defendant has not moved for sanctions pursuant to Rule 11, and there is no indicia on the record that Defendant complied with the safe harbor provisions of that Rule. *See generally* [#24]; Fed. R. Civ. P. 11(c). Instead, Defendant asks the court to exercise its inherent authority to sanction Plaintiff for abusive litigation conduct. [*Id.* at 6-8]. Nevertheless, this court finds it appropriate to discuss the requirements of Rule 11 in light of Plaintiff's Response and her assertion therein that she has complied with the Federal Rules of Civil Procedure.

communism ousted out of federal leadership seats. He's sitting in my seat and needs to GET OUT.". [#26-2 at 3]. Nor does it appear that Plaintiff has merely struggled to pursue her claims under an appropriate legal theory. *Compare* [#1 (asserting single claim under the Stolen Valor Act of 2013)] *with* [#20 (asserting single claim under Title VII on a substantially different factual basis than the allegations set forth in the original Complaint)]. Instead, Plaintiff appears to be using this court as a public forum to level criticism of Mr. Crow and his policy positions, and defeat his bid for reelection, *see* [#26 at 3 seeking to get "cowardly un-Americans . . . ousted out of federal leadership seats,"], even including reference to this action on her campaign website, *see* [*id.* at 4 (referring to jaimielynn.com); https://jaimielynn.com ("Suing her opponent, Jason Crow, for assaulting her American soul. Complaint filed on July 2, 2020. Stay updated by following case 20-cv-01946-rm.")]. But it is well settled that federal courts lack subject matter jurisdiction to consider political grievances rather than cognizable legal injuries, i.e., concrete, particularized, and actual or imminent injuries. *See, e.g.*, *N. Carolina State Conference of NAACP v. Berger,* 970 F.3d 489, 516 n.3 (4th Cir. 2020) (observing that "federal courts are not a forum for airing political grievances"); *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) ("The federal court is not the place to air general political grievances."); *Common Cause of Pennsylvania v. Pennsylvania*, 447 F. Supp. 2d 415, 426–27 (M.D. Pa. 2006), *aff'd*, 558 F.3d 249 (3d Cir. 2009) ("Without even reaching the doubtful question of whether the harms Plaintiffs allege represent cognizable constitutional claims under the facts pled, the Court can only find that these individual Plaintiffs have not demonstrated the sort of individual and concrete harm necessary to invoke the jurisdiction of the federal courts.").

The docket in this action demonstrates that Defendant argued that Plaintiff's claims were not cognizable and specifically articulated in his first Motion to Dismiss that "Federal Court,

however, is not a forum for the free-form airing of grievances without regard to the rules of procedure or substantive law." [#14 at 6]. Plaintiff's Response to that first Motion to Dismiss suggests a disregard for engaging with substantive legal arguments. She fails to cite legal authority, instead arguing:

> I could care less that my case is "vexatious" to Crow and Rogers. Quite frankly, I've been hella vexed for over 20 years having to DUMB myself down and silence my real voice in order to get anywhere in this warring, insecure, white man's world.

[#16 at 2]. Similarly, her Response to the instant Motion to Dismiss lacks any legal authority. [#26]. "Plaintiff's pro se status does not relieve [her] of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law." See *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

In light of Plaintiff's pattern of filing frivolous claims against Mr. Crow and her repeated refusal to address Defendant's substantive legal arguments, this court finds that sanctions in the form of reasonable attorney's fees incurred by Defendant in filing the instant Motion are warranted. *See Diversified Consultants*, 2018 WL 10878005, at *7 (Feb. 7, 2018) (exercising a federal court's inherent authority to sanction conduct that abuses the judicial process to award fees where pro se plaintiff acted wantonly, vexatiously, and in bad faith). However, Defendant's request for fees set forth in his Motion to Dismiss is procedurally deficient. *See Tatonka Cap. Corp. v. Connelly*, No. 16-cv-01141-MSK-NYW, 2016 WL 9344257, at *5 (D. Colo. Dec. 29, 2016). Prior to an award of fees, Defendant must first file an appropriate motion for attorney fees compliant with Local Civil Rule 54.3. *See* D.C.COLO.LCivR 54.3; *Mills v. Prudential Ins. Co. of Am.*, 856 F. Supp. 2d 1218, 1224 (D. Colo. 2012) (denying without prejudice defendant's motion for attorney's fees where the request was included in a motion to dismiss and failed to comply with

Rule 11(c)(2) and D.C.COLO.LCivR 54.3). Accordingly, this court respectfully recommends that Defendant's request for attorney's fees be denied without prejudice.

## CONCLUSION

For the reasons set forth above, this court respectfully **RECOMMENDS** that:

(1) Defendant's Rule 12(b)(6) Motion to Dismiss [#24] be **GRANTED IN PART and DENIED IN PART;**

(2) Plaintiff's claim for harassment under Title VII of the Civil Rights Act against Defendant be **DISMISSED with prejudice**;

(3) Defendant's request for attorney's fees [#24] be **DENIED without prejudice.**[6]

DATED: October 2, 2020

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[6] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).