IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01946-RM-NYW

JAIMIE LYNN KULIKOWSKI,

    Plaintiff,

v.

JASON CROW,

    Defendant.

ORDER

    This matter is before the Court on the amended recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 33) to grant in part and deny in part Defendant's motion to dismiss (ECF No. 24).[1] Plaintiff objected to the recommendation (ECF No. 31). Defendant filed a response to Plaintiff's objection (ECF No. 35), stating that he would not be filing an objection, and Plaintiff responded to that pleading as well (ECF No. 36). For the reasons below, the Court overrules Plaintiff's objection and accepts the recommendation, which is incorporated into this order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I.    **LEGAL STANDARDS**

    Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that

---

[1] The amended recommendation is identical to the magistrate judge's previous recommendation (ECF No. 30) issued a day earlier except that it corrects a sentence in the first paragraph to state that the motion to dismiss should be granted in part and denied in part; however, that determination is clearly expressed in both versions of the recommendation.

are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

Plaintiff proceeds pro se; thus, the Court construes her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     BACKGROUND

The magistrate judge agreed with Defendant that Plaintiff failed to state a claim against him and that Plaintiff's pattern of conduct in federal court was sanctionable. Nonetheless, the magistrate judge recommended that Defendant's request for his reasonable attorney fees should be denied without prejudice for failure to comply with Fed. R. Civ. P. 11(c)(2), which requires a motion for sanctions to be made separately from any other motion, as well as D.C.COLO.LCivR 54.3.

### III.  ANALYSIS

Plaintiff's objection does not meaningfully address the merits or substance of the magistrate judge's recommendation.  Plaintiff asserts that the magistrate judge "has no clue how to lead or protect our country."  (ECF No. 31 at 2.)  But this assertion is not sufficiently specific to focus the Court's attention on the relevant factual and legal issues in this case.  The Court finds that Plaintiff's objection, construed liberally, fails to state a proper objection subject to de novo review.  The Court discerns no material errors on the face of the record and further finds that the magistrate judge's analysis of the relevant issues was thorough and sound.

### IV.  CONCLUSION

Therefore, the Plaintiff's objection (ECF No. 31) is OVERRULED, the magistrate judge's recommendation (ECF No. 33) is ADOPTED, Defendant's motion to dismiss (ECF No. 24) is GRANTED IN PART and DENIED IN PART, Plaintiff's Title VII claim is DISMISSED WITH PREJUDICE, and Defendant's request for attorney fees is DENIED WITHOUT PREJUDICE.  The remaining motions pending in this case (ECF Nos. 29, 34) are DENIED AS MOOT, and the Clerk is directed to CLOSE this case.

DATED this 15th day of October, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge